UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Keithie L. Hay, ) C/A No.:2:10-3089-DCN-RSC
)
          Plaintiff, )
)
vs. )
) Report and
Dr. Francis A. Mlynarczyk, M.D., ) Recommendation
)
          Defendant. )

The Plaintiff in this action, Keithie Lydell Hay ("Plaintiff"), is an inmate at Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.[1] Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for lack of federal jurisdiction.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

## Background

Plaintiff alleges that the Defendant in this action, Dr. Francis A. Mlynarczyk, M.D. ("Defendant"), performed surgery to remove Plaintiff's tonsils in July of 2003. Plaintiff experienced complications during the procedure and had to be transferred to "MUSC in Charleston Hospital" for a secondary surgery. Plaintiff, whose voice box was permanently damaged in the operation, later discovered that the Defendant has been "sued 3 previous time[s]

2

before [for] the same incident that occurred with me." Plaintiff feels the Defendant "should be punished for his neglect" and that Defendant's license to practice medicine should be revoked. Plaintiff seeks monetary damages for the Defendant's actions.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, sua sponte, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. See also F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). See also *Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985). To this end,

Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. First, Plaintiff provides no information to establish diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any

party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The instant complaint does not allege diversity jurisdiction, and it appears that both the Plaintiff and the Defendant are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint alleges medical malpractice against a private physician. Generally, such claims are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. Plaintiff's complaint simply provides no facts to support any type of federal claim. Although a court must liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).

Additionally, purely private conduct such as that alleged in this case, no matter how wrongful or injurious, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights.

See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in the pleading, nor does he claim a violation of his constitutional rights by the Defendant. However, even if such allegations had been included in the complaint, they would not establish "federal question" jurisdiction over this case because: (1) there are no allegations of "state action" in connection with the Defendant's actions; and (2) the law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As Plaintiff fails to provide sufficient facts to establish federal jurisdiction over this complaint, the case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

December 23, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

*Plaintiff's attention is directed to the important notice on the next page.*

# Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).